IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SHUNICK

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MEGAN N. SHUNICK, APPELLANT.

Filed July 7, 2026.    No. A-25-721.

Appeal from the District Court for Seward County: JAMES C. STECKER, Judge. Convictions affirmed, all sentences vacated, and cause remanded for resentencing.

Chad Wythers for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

MOORE, PIRTLE, and FREEMAN, Judges.

PIRTLE, Judge.

## INTRODUCTION

Megan N. Shunick appeals her plea-based convictions for possession with intent to distribute methamphetamine, possession of a firearm during commission of a felony, and failure to appear on a felony in the district court for Seward County. She assigns that her sentences are excessive. Because we find plain error in the district court's sentencing order, we vacate the sentences and remand the cause for resentencing.

## BACKGROUND

Pursuant to a plea agreement with the State, Shunick pled no contest to count I, possession with intent to distribute methamphetamine, a Class II felony; count II, possession of a firearm during commission of a felony, a Class II felony; and count III, failure to appear on a felony, a Class IV felony. At the plea hearing, Shunick was advised of the charges to which she was

pleading, the possible penalties, and the constitutional rights she was waiving by accepting the plea agreement. The State also recited a factual basis for the charges. A summary of the factual basis is as follows:

On June 6, 2022, at approximately 8:15 a.m., a deputy from the Seward County Sheriff's Office was getting gas at a gas station located just off I-80 at mile marker 379 when he observed a woman walking toward another vehicle parked at the gas pumps near his patrol unit. The woman was later identified as Shunick by her Nevada driver's license. She told the deputy she was traveling from Las Vegas to Iowa to visit family. She was traveling with two other individuals. The deputy walked over to her vehicle and observed there was only a small amount of luggage in the vehicle. The vehicle was a rental vehicle with California license plates. Shunick and the other two occupants told the deputy the total trip was going to be 2½ weeks, they were not staying in any hotels, and they were rotating drivers.

Based on his training and experience, the deputy became suspicious that the occupants were involved in criminal activity. He reapproached Shunick and asked if he could see the rental agreement for the vehicle and she agreed to provide it. When Shunick opened the front passenger door the deputy detected the odor of marijuana coming from the vehicle. Shunick presented the rental agreement and the deputy observed that she rented the vehicle in Las Vegas on May 27, 2022, and it was supposed to be returned on May 28. The deputy then conducted a probable cause search of the vehicle due to the smell of marijuana.

During the search, two 1-pound bags of suspected methamphetamine were found under the hood of the vehicle, as well as two firearms. The Nebraska State Crime Lab subsequently confirmed the presence of methamphetamine from a sample sent to the lab.

Shunick was arrested and released on a bond. She had a court hearing on November 3, 2022, at which time a motion to suppress hearing was scheduled for January 11, 2023. Shunick did not show for the January 11 hearing, nor present herself 3 days thereafter. All events occurred in Seward County, Nebraska.

The district court found there was a sufficient factual basis to support Shunick's pleas. It accepted her pleas and found her guilty on the three charges. The court ordered a presentence investigation report and set the matter for sentencing.

The sentencing hearing was held on September 11, 2025. Prior to sentencing Shunick, the court stated it had reviewed the presentence report and noted that she was 33 years old with a 12th grade education, no prior record, and had very low scores on the "LS/CMI" assessment. The court further noted Shunick's charges involved 2 pounds of methamphetamine and weapons. The court found Shunick was not a fit candidate for probation and a lesser sentence would depreciate the seriousness of her crimes or promote disrespect for the law.

The district court imposed the following sentences: count I, possession with intent to distribute methamphetamine, 6 to 10 years' imprisonment; count II, possession of a firearm during commission of a felony, 1 to 2 years' imprisonment; and count III, failure to appear on a felony, 1 to 2 years' imprisonment. The sentence imposed on count II was ordered to be served consecutively to the sentence imposed on count I. The sentence imposed on count III was ordered to run concurrent to the sentence imposed on counts I and II.

ASSIGNMENT OF ERROR

Shunick assigns the district court erred in imposing excessive sentences.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Tvrdy*, 315 Neb. 756, 1 N.W.3d 479 (2024). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

Consideration of plain error occurs at the discretion of an appellate court. *State v. Logan*, 320 Neb. 554, 28 N.W.3d 510 (2025).

ANALYSIS

Shunick was convicted of possession with intent to distribute methamphetamine, and possession of a firearm during commission of a felony, both Class II felonies, and failure to appear for a felony, a Class IV felony. Statutory sentencing guidelines for a Class II felony carry a maximum of 50 years' imprisonment, and a minimum of 1 year's imprisonment. See Neb. Rev. Stat. § 28-105 (Supp. 2025). The range for a Class IV felony is 0 to 2 years' imprisonment. *Id.* The years of imprisonment imposed by the district court for each offense were within the statutory guidelines.

Shunick argues the district court abused its discretion in sentencing her because it failed to consider several mitigating factors that weighed against lengthy sentences of incarceration. However, we need not address Shunick's specific argument because we determine there was plain error in the district court's sentences.

Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Molina*, 320 Neb. 544, 28 N.W.3d 837 (2025). When reviewing proceedings for plain error, an appellate court is not constrained by the specific arguments raised in the briefs, nor is it required to consider every error that may have occurred in the lower court. *Id.* Consideration of plain error occurs at the discretion of an appellate court. *Id.* Generally, an appellate court will find plain error only when a miscarriage of justice would otherwise occur. *Id.* A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id.*

The district court ordered that the sentence imposed on count II, possession of a firearm during commission of a felony, was to be served consecutively to the sentence imposed on count I, possession with intent to deliver. It further ordered that the sentence imposed on count III, failure to appear for a felony, was ordered to run concurrent to the sentence imposed on counts I and II.

Neb. Rev. Stat. § 28-1205 (Cum. Supp. 2025) mandates that a sentence for the use or possession of a deadly weapon in the commission of a felony be served consecutively to any other sentence imposed and concurrent with no other sentence. See *State v. Logan, supra*. Thus, a sentencing court does not have authority to order that sentences for the conviction of use of a deadly weapon to commit a felony run concurrently with the other sentences. *Id.* The Nebraska Supreme Court has found plain error where a court ordered a sentence for use of a weapon to run concurrently to other felony sentences imposed. See *id.*

Here, it was plain error to order the sentence imposed on count III, failure to appear for a felony, to run concurrent to the sentence imposed on count II, possession of a firearm during commission of a felony. Because the sentencing error may have affected the other sentence imposed, we vacate the sentences and remand the cause for resentencing.

## CONCLUSION

We conclude the district court erred in ordering the sentence for failing to appear for a felony to run concurrently with the sentence for possession of a firearm during the commission of a felony. Accordingly, we affirm Shunick's convictions but vacate the sentences. We remand the cause to the sentencing court for resentencing on all counts.

CONVICTIONS AFFIRMED, ALL SENTENCES VACATED, AND CAUSE REMANDED FOR RESENTENCING.